IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bradley Aaron Bianco,<br><br>               Plaintiff,<br><br>v.<br><br>Johnny Holley,<br><br>               Defendant. | Case No. 0:24-cv-133-RMG<br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that the Court summarily dismiss without prejudice Plaintiff's complaint without issuance and service of process because of the lack of subject matter jurisdiction. Plaintiff was given notice that he had a right to file objections to the R & R within 14 days of receipt and a failure to file objections would result in clear error review and a waiver of the right to appeal. (Dkt. No. 12 at 5). Plaintiff filed no objections to the R & R.

      Plaintiff, acting *pro se*, alleges that Defendant, a private citizen, assaulted and falsely imprisoned him. The Magistrate Judge noted that Plaintiff's complaint failed to assert any basis for federal jurisdiction, under either federal question jurisdiction or diversity of citizenship. The Magistrate Judge concluded that the complaint set forth any plausible basis for federal jurisdiction and recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

      This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed no objections to the R&R, the Court reviews the R&R for clear error.

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Plaintiff has no basis for federal jurisdiction in this matter. Therefore, the Court **ADOPTS** the R&R (Dkt. No. 12) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

February 14, 2024
Charleston, South Carolina